UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JAMES CHARLESTON,
   Plaintiff,

vs.                                             No. 08-1302

EMANUEL ROJAS and STEPHEN WRIGHT,
   Defendants

## MERIT REVIEW ORDER

This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The plaintiff, James Charleston, has filed his lawsuit pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at the Hill Correctional Center. The plaintiff has named two defendants including Chaplin Emanual Rojas and Warden Stephen Wright. The plaintiff says the defendants violated his right to the free exercise of his religion under the First Amendment when they denied his request for a vegan diet based on his religion.

However, pursuant to 42 U.S.C.§1997e(a), an inmate complaining about the conditions of his confinement must exhaust his administrative remedies **BEFORE** he files a lawsuit. Failure to exhaust is ground for summary dismissal of the complaint. *See Porter v. Nussle,* 534 U.S. 516, 524 (2002); *Lewis v. Washington,* 300 F.3d 829, 834 (7th Cir. 2002); *Ester v Principi,* 250 F.3d 1068, 1071 (7th Cir. 2001). Failure to exhaust is an affirmative defense. *See Jones v Bock,* 549 U.S. 199 (2007). However, "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v Thompson,* 288 F.3d 1005, 1009 (7th Cir. 2002).

The plaintiff has used a standard complaint form and in the "date(s) of the occurrence" section, the plaintiff has stated "9-10-08 and counting." (Comp., p. 5) However, in the body of his complaint, the plaintiff states that he first sent a request to Defendant Rojas asking him to approve his religious diet request on October 9, 2008. The request was denied apparently on October 16, 2008. The plaintiff says he had also sent a second request on October 13, 2008 and

it was returned on October 17, 2008 requesting additional information.  This request was also denied.  The plaintiff says Defendant Wright has also refused to approve his dietary request.

Therefore, the plaintiff's requests for a religious diet were denied at the earliest on October 16 and October 17, 2008.  It appears the plaintiff gave his complaint to prison officials on October 22, 2008 and it was received in the clerk's office on October 30, 2008.   The plaintiff could not have fully exhausted his administrative remedies in this time period.  The court also notes that the  plaintiff has used a standardized complaint form and in the section that asks if the grievance process is complete, the plaintiff has marked "no." (Comp, p. 5).

Since the plaintiff has failed to exhaust his administrative remedies and its clear he failed to exhaust from the face of his complaint, the court must dismiss the plaintiff's complaint.  If the court has misinterpreted any of the information submitted by the plaintiff, the plaintiff may file a motion to reconsider indicating what steps he has taken to exhaust his administrative remedies.

**IT IS THEREFORE ORDERED:**

1) **The plaintiff's complaint is dismissed for failure to exhaust administrative remedies are required. 42 U.S.C.§1997e(a)**. **All pending motions are denied as moot [d/e 4, 5, 6], and this case is closed, with the parties to bear their own costs;**

2) **The plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed.  The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available.  If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $350.00.**

3) **The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.**

4) **The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

5) **If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal**

**with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 12th day of November, 2008.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE